# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RM COMPANY, et al.,<br><br>　　　　Defendants. | Case No. CV 20-7939 FMO (PLAx)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On November 30, 2020, the court issued its Standing Order Re: ADA Accessibility Cases (see Dkt. 16, Court's Order of November 30, 2020), which ordered plaintiff to (1) file a request for entry of default no later than seven days after the time the response to the complaint would have been due by a defendant; and (2) file a motion for default judgment no later than seven calendar days after default is entered by the Clerk. (Id. at 2-3). The court warned plaintiff that "failure to seek entry of default within seven [] days after the deadline to file a response to the complaint shall result in the dismissal of the action and/or the defendant against whom entry of default should have been sought." (Id. at 2-3). Similarly, the court admonished plaintiff that "failure to file a motion for default judgment within seven [] days of entry of default by the Clerk shall result in the dismissal of (1) the action and/or (2) the defendant against whom the motion for default judgment should have been filed." (Id. at 3-4) (citing Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962)).

Here, entity defendant RM Company ("RM") was served with the summons and complaint on October 6, 2020, by substituted service, and the summons and complaint were mailed to RM

on October 7, 2020.  (See Dkt. 13, Proof of Service [as to RM] at 1).  RM's responsive pleading to the Complaint was due no later than November 9, 2020.  See Cal. Civ. Proc. Code § 415.20(a) (Substituted service "is deemed complete on the 10th day after the mailing"); Fed. R. Civ. P. 12(a); Fed. R. Civ. P. 4(e).  Because the Court's Standing Order Re: ADA Accessibility Cases issued on November 30, 2020, plaintiff's obligation to file a request for entry of default within seven days of RM's failure to respond to the Complaint began running on that date.  (See Dkt. 16, Court's Order of November 30, 2020, at 2).  As of the date of this Order, RM has not answered the Complaint, nor has plaintiff filed a request for entry of default.  (See, generally, Dkt.).

Defendant Ciro Rodriguez ("Rodriguez") (collectively with RM, "defendants") was served with the summons and complaint on September 11, 2020, by personal service.  (See Dkt. 8, Proof of Service [as to Rodriguez] at 1).  Accordingly, Rodriguez's responsive pleading to the Complaint was due no later than October 2, 2020.  Fed. R. Civ. P. 12(a).  Rodriguez did not answer the Complaint, and on October 7, 2020, plaintiff filed a Request for Entry of Default as to Rodriguez.  (See Dkt. 10, Request for Entry of Default ("Request")).  The clerk granted this Request on October 16, 2020.  (See Dkt. 12, Default by Clerk).  Pursuant to the Court's Standing Order Re: ADA Accessibility Cases issued on November 30, 2020, (see Dkt. 16, Court's Order of November 30, 2020), plaintiff was required to file a Motion for Default Judgment against Rodriguez by December 7, 2020.  (See id. at 3).  As of the filing date of this Order, no such motion has been filed.  (See, generally, Dkt.).

A district court may dismiss an action for failure to prosecute or to comply with court orders. Fed. R. Civ. P. 41(b); Link, 370 U.S. at 629-30, 82 S.Ct. at 1388 (authority to dismiss for failure to prosecute necessary to avoid undue delay in disposing of cases and congestion in court calendars); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action for failure to comply with any court order).  Dismissal, however, is a severe penalty and should be imposed only after consideration of the relevant factors in favor of and against this extreme remedy.  Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829, 831 (9th Cir.1986). These factors include:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability

of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik, 963 F.2d at 1260-61); see Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 891 (9th Cir. 2019) ("By its plain text, a Rule 41(b) dismissal . . . requires 'a court order' with which an offending plaintiff failed to comply."). "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors and [the Ninth Circuit] may review the record independently to determine if the district court has abused its discretion." Ferdik, 963 F.2d at 1261.

Having considered the Pagtalunan factors, the court is persuaded that this action should be dismissed for failure to comply with a court order and failure to prosecute. Plaintiff's failure to file a request for entry of default against RM and a motion for default judgment against Rodriguez hinders the court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action. In other words, plaintiff's "noncompliance has caused [this] action to come to a complete halt, thereby allowing [him] to control the pace of the docket rather than the Court." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal quotation marks omitted). Further, plaintiff was warned that failure to file a request for entry of default and/or a motion for default judgment would result in a dismissal of the action for lack of prosecution and failure to comply with a court order. (See Dkt. 16, Court's Order of November 30, 2020, at 2-4); see also Ferdik, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the consideration of alternatives requirement.") (internal quotation marks omitted). Thus, having considered the Pagtalunan factors, the court is persuaded that the instant action should be dismissed for failure to comply with a court order and failure to prosecute.

Based on the foregoing, IT IS ORDERED that judgment be entered dismissing this action, without prejudice, for failure to prosecute and comply with the orders of the court.

Dated this 10th day of December, 2020.

/s/
Fernando M. Olguin
United States District Judge